Complainant is the owner of two lots of land in Bayonne designated on the tax map as lot 13 in block 161 and lot 7 in block 168. The lots border on New York bay.
In 1886 the city owned these lots and received from the State Board of Commerce and Navigation a grant of lands in front of the lots in addition to other property, which contained the following provision:
"This grant is made to The Mayor and Council of the City of Bayonne for the nominal consideration herein mentioned upon the express terms and covenant of the said The Mayor and Council of the City of Bayonne and its municipal successors that the land now owned by the said city and the land under water and the rights granted in this conveyance are only for public uses by the said city or for docks, piers and slips to be owned by the municipality in which under general regulations and charges made by the city, all citizens can at all times hereafter equally enjoy the right to use; and if at any time hereafter any conveyance is made to any person or corporation of the premises aforesaid now owned by the city or hereby acquired by the city or any part thereof is used or permitted to be used for purposes other than as aforesaid, then this grant shall end and determine and the said lands under water, and all the rights and privileges shall revert to and belong to the state, free and clear of any claim or claims under or by virtue of this grant."
In 1923 the city sold the two lots above mentioned to one O'Brien. By mesne conveyances the title is now vested in the complainant. On June 7th, 1937, the State Board of Commerce and Navigation granted to the city certain lands under water in New York bay not including the lands under water in front of complainant's lots. The following recital was inserted in the grant without notice to the complainant, to wit: *Page 482 
"And also provided, that as a further consideration for the making of this grant, the State of New Jersey, acting by and through the Board of Commerce and Navigation, the Governor approving, does hereby terminate the following provision contained in a certain grant made to the Mayor and Council of the City of Bayonne, dated January 16th, 1886, which grant is recorded in Liber I of Grants and Leases of Lands Under Water, at page 674, c., in so far as the same applies to any lands embodied within the area hereby granted."
The recital, first above noted, then follows.
The city on or about June 12th, 1937, in furtherance of a plan to erect a marine terminal entered into a lease with the defendant Central District, Inc. This lease attempts to include the lands under water in front of complainant's lots. On July 1st, 1937, the complainant applied to the supreme court for a writ of certiorari to review the lease. The writ was issued. At the hearing the allocatur was vacated and the matter transferred to this court. See Pamrapau Corporation v. City ofBayonne, 119 N.J. Law 346. The complainant filed a petition in this court which is deemed to be the bill of complaint and is so designated.
Complainant prays for the removal of the cloud upon its title which is alleged to exist because of the making of the lease. Complainant also asks for the protection of its rights as a riparian owner and for an injunction against obstructing the lands under water in front of its lots or in the alternative for an award of damages claimed to be suffered by reason of such obstruction and consequent deprivation of its rights as riparian proprietor.
On motion I struck out the answer of the defendant Central District, Inc. The other defendant and the complainant have stipulated that the case be decided "upon the proofs, exhibits and affidavits heretofore submitted and now on file in this court in this cause, with like force and effect as if the proofs, testimony, exhibits and depositions had been adduced and taken herein before the court on final hearing."
The proofs adequately establish that the complainant's lots are riparian lands. The question to be determined is whether or not the city had a legal right to enter into a lease demising the lands under water in front of said lots. *Page 483 
By the terms of the grant of 1886, the city upon a conveyance of the lots to O'Brien in 1923 lost the rights granted in so far as they affected the lands under water in front of said lots. The estate of the city is limited. It could enjoy the privileges conferred upon it by the grant as long as it remained the owner of the upland. If it sold the upland, the privileges reverted to the state. The city sold the upland. If the city's estate could be said to be an estate on condition then the present proceedings would not lie for the reason that the attorney-general is not a party to this suit. If there are conditions subsequent, annexed to a riparian grant, no one but the state can take advantage of a forfeiture arising from a breach. Easton and Amboy Railroad Co.
v. Central Railroad Co., 52 N.J. Law 267. The attorney-general is not a necessary party because the interest which the city acquired under the grant of 1886 was an estate upon limitation. An estate upon limitation arises when land is conveyed or devised subject to a limitation which is future and contingent, on the happening of which the estate is to end by the express terms of the instrument creating it. See Walsh on Real Property § 234.
It follows that the sale to O'Brien, ipso facto, terminated the grant in so far as the lots in question are concerned. The privilege in said grant immediately reverted to and revested in the state. The attempt by the recital in the grant of 1937 to cancel the provisions of the earlier grant relative to the lots in question was ineffectual and did not accomplish the proposed result. The riparian rights granted to the city in 1886 had been totally extinguished by the conveyance made in 1923 and could not be revived in 1937 even for the purpose of cancellation. To hold otherwise would be to nullify a well settled public policy of this state established by both the courts and the legislature; namely, that riparian proprietors shall have a pre-emptive right to a grant or lease of lands below high water mark in front of their uplands and no grant of state lands under water shall be made to any person other than the riparian proprietor unless such riparian proprietor had had six months' notice of the proposed grant *Page 484 
and shall have neglected to apply for such grant or license and then only after just compensation to the riparian owner. R.S.1937, 12:3-7 and 12:3-9.
The right of the complainant, as such riparian owner, is a property right and the action of the defendants in leasing, constructing and maintaining the marine terminal constituted a deprivation of such right against which this court will grant relief. Since the terminal project represents a large investment of capital by the city and the federal government it seems that the ruling in the case of Harz v. Board of Commerce andNavigation, 126 N.J. Eq. 9, should be followed.
I will, therefore, withhold the restraint for a reasonable time in order to allow the defendants to acquire complainant's rights either by purchase or condemnation. I will consider the time which should be allowed on the presentation of the form of decree. *Page 485